IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WILLIE L. FOLEY JR.** | * | |
| | * | |
| v. | * | Civil Case No. ELH-14-1014 |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

*************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-referenced case has been referred to me for review of the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). The Plaintiff, Willie L. Foley, Jr., who is appearing *pro se,* did not file a motion for summary judgment. I have considered the Commissioner's pending Motion for Summary Judgment, and Mr. Foley's letter opposition to that motion, which attached some additional medical documentation. [ECF Nos. 16, 18]. This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. Loc. R. 105.6 (D. Md. 2014). For the reasons set forth below, I recommend that the Commissioner's motion be granted.

Mr. Foley applied for Disability Insurance Benefits and Supplemental Security Income in June 2011, alleging a disability onset date of April 24, 2011. (Tr. 139-46). His claims were denied initially on September 16, 2011, and on reconsideration on December 15, 2011. (Tr. 65-70, 72-75). An Administrative Law Judge ("ALJ") held a hearing on December 14, 2012. (Tr. 27-56). Subsequently, the ALJ denied benefits to Mr. Foley in a written opinion dated January 25, 2013. (Tr. 8-26). The Appeals Council denied review, (Tr. 1-6), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ found that, during the relevant time frame, Mr. Foley suffered from the severe impairment of fibromyalgia. (Tr. 14). Despite this impairment, the ALJ determined that Mr. Foley retained the residual functional capacity ("RFC") to:

> Lift and/or carry 10 pounds occasionally and lift and/or carry less than 10 pounds frequently; stand and/or walk 2 hours in an 8-hour workday; sit 6 hours in an 8-hour workday (with normal breaks); pushing and pulling is unlimited; the claimant requires a sit/stand option to change positions hourly; occasional balancing stooping; kneeling, crouching, crawling, and climbing of ramps, stairs, ropes, ladders, or scaffolds.

(Tr. 17). After considering testimony from a vocational expert ("VE"), the ALJ determined that there were sedentary, semi-skilled and unskilled jobs existing in significant numbers in the national economy that Mr. Foley could perform, and that he was not, therefore, disabled. (Tr. 21-22).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. At step one, the ALJ found in Mr. Foley's favor that he had not engaged in substantial gainful activity since his alleged onset date. (Tr. 13). At step two, the ALJ found the severe impairment of fibromyalgia. (Tr. 14). The ALJ also assessed Mr. Foley's gastrointestinal problems, headaches, depression, and insomnia, but found that those conditions were not severe. (Tr. 14-16). A thorough review of the record does not demonstrate any significant functional limitations relating to those conditions, several of which do not meet the twelve month durational

requirement for severe impairments. Accordingly, I find no error in the ALJ's step two analysis.

At step three, the ALJ noted that the claimant, who was represented at the hearing, did not allege that any listings had been met or equaled. (Tr. 16). The ALJ further confirmed that after reviewing the records, he found no documented evidence to suggest that any listings had been met or equaled. *Id.* Finally, the ALJ noted that, although there is no specific listing for fibromyalgia, she considered Mr. Foley's impairments under other potentially relevant listings, but found no evidence of end organ damage that would meet or equal any listings. *Id.* There was no error in the ALJ's thorough listings analysis.

At step four, the ALJ provided a summary of Mr. Foley's allegations from his testimony and his written submissions. (Tr. 17-18). The ALJ also analyzed the medical evidence derived from treatment notes from Mr. Foley's treating doctor, Dr. Arab, and his treating rheumatologist, Dr. Meagher. *Id.* The ALJ also reviewed emergency room records and treatment notes from the Connally Memorial Medical Center. (Tr. 18-19). The ALJ noted that those records reflected generally conservative treatment for pain, and noted that the physicians described Mr. Foley's fibromyalgia as "well controlled," "fairly controlled," and "stable" on medication. *Id.* The ALJ also weighed the opinions of two State agency reviewing consultants, Mr. Foley's treating physician, Dr. Arab, and an examining physician, Dr. Kinzy. The ALJ did not fully credit any of the opinions from those medical sources. She found that Dr. Kinzy's opinion, from 2009, did not accurately reflect Mr. Foley's condition since his fibromyalgia diagnosis in 2011. (Tr. 20). She further found that the state agency physicians, who opined that Mr. Foley could perform a full range of light work, had not considered Mr. Foley's subjective complaints of pain. *Id.* Finally, she found that Dr. Arab's opinion, which included "severe less than sedentary restrictions," overstated Mr. Foley's condition when compared to Dr. Arab's own treatment notes, which indicated that Mr. Foley's fibromyalgia was controlled, stable, and improving. *Id.* Ultimately,

considering all of the medical sources and treatment notes, the ALJ determined an RFC that fell between the limitations proposed by the State agency physicians and those proposed by Dr. Arab, which essentially consists of a reduced range of sedentary work. (Tr. 17).

The function of this Court is not to review Mr. Foley's claims *de novo* or to reweigh the evidence of record. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) (citing 42 U.S.C. § 405(g) and *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972)).  Rather, this Court is to determine whether, upon review of the whole record, the Commissioner's decision is supported by substantial evidence and a proper application of the law. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Coffman*, 829 F.2d at 517; *see also* 42 U.S.C. § 405(g).  While the ALJ's decision in this case does not expressly refer to Social Security Ruling 12-2p, which was published on July 25, 2012 and governs evaluation of fibromyalgia, the ALJ complied with its dictates by determining fibromyalgia to be a medically determinable (and severe) impairment and by considering all of the record evidence, including Mr. Foley's subjective allegations of pain. See SSR 12-2P, 2012 WL 3104869 (July 25, 2012). Under those legal standards, then, and in light of the medical evidence cited by the ALJ, I recommend that the ALJ's RFC assessment be affirmed.

The ALJ also appropriately completed step five of the sequential evaluation.  The ALJ determined that Mr. Foley could not perform his past relevant work as a home attendant, which was heavy work. (Tr. 20).  The ALJ then posed a series of hypotheticals to the VE to determine whether a person with each set of hypothetical criteria would be able to find work.  (Tr. 45-53). Ultimately, the ALJ determined that Mr. Foley's RFC matched one of the hypotheticals she had posed. (Tr. 51-53).  The VE cited several jobs, including receptionist/appointment clerk, order clerk food and beverage, assembler of small items, and hand packager/filler, in response to that hypothetical, and the ALJ relied on that VE testimony in her opinion. (Tr. 51-53).  The ALJ's

step five determination, therefore, was supported by substantial evidence.

Finally, I note that Mr. Foley attached recent medical records to his letter. [ECF No. 18]. Those records consist of a psychological assessment conducted on July 1, 2014, which reflects diagnoses of Generalized Anxiety Disorder and Attention Deficit Hyperactivity Disorder by history. [ECF No. 18 at 6]. In addition, the new records contain a mental capacity assessment and a residual functional capacity questionnaire, both dated September 24, 2014, from another physician, Dr. Nkwanyuo. [ECF No. 18 at 9-15]. Dr. Nkwanyuo diagnosed Mr. Foley with bipolar disorder (depressive), chronic pain syndrome, fibromyalgia, mixed connective tissue disorder, and peripheral neuropathy. *Id.* Although his opinion forms suggest that he began treating Mr. Foley in January 2014, the record contains no treatment notes from Dr. Nkwanyuo to indicate the number of times he had treated Mr. Foley, and his opinions conflict with the psychological assessment rendered just three months prior, which did not indicate a diagnosis of bipolar disorder. While Dr. Nkwanyuo's forms suggest that Mr. Foley's limitations and restrictions had existed since January 2013, because he did not begin treating Mr. Foley until 2014, it is unclear what evidence he used to support that alleged onset date.

In the context of this appeal, this Court cannot consider evidence that was not before the Commissioner, except under very limited circumstances where the evidence is both new and material. *See Smith v. Chater*, 99 F.3d 635, 638, n. 5 (4th Cir. 1996). To establish that the evidence was material, Mr. Foley would have to show that the evidence might reasonably have changed the decision of the Commissioner. *See Wilkins v. Sec., Dept. of Health and Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991); 42 U.S.C. § 405(g). Here, the Commissioner's decision was rendered in January of 2013, and, other than Dr. Nkwanyuo's unsupported speculation as to an onset date, the newly submitted records contain nothing to substantiate any relevance to the time pre-dating the ALJ's opinion. Accordingly, the evidence pertaining to Mr. Foley's medical

condition in 2014 cannot be considered regarding this appeal, but would only be relevant to considering a subsequent application for benefits.

CONCLUSION

For the reasons set forth above, I respectfully recommend that the Court GRANT Defendant's Motion for Summary Judgment, [ECF No. 16]; and order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  January 9, 2015                                     /s/
                                                                    Stephanie A. Gallagher
                                                                    United States Magistrate Judge